IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PSI DISTRIBUTION INCORPORATED<br>AND PRODRIL SERVICES<br>INTERNATIONAL LIMITED | §<br>§<br>§<br>§ | |
| APPELLANTS | § | CIVIL ACTION NO. CA-H-09-CV-2366 |
| | § | |
| VS. | § | |
| | § | |
| PARTICLE DRILLING TECHNOLOGIES,<br>INC., A NEVADA CORPORATION, *et al* | §<br>§<br>§ | |
| APPELLEES | §<br>§ | |

## OBJECTION TO MOTION FOR EXPEDITED APPEAL

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Particle Drilling Technologies, Inc. a Nevada Corporation ("PDTI NV"), and Particle Drilling Technologies, Inc. a Delaware Corporation ("PDTI DE"), Debtors-in-Possession in this case (collectively "PDTI" or "Debtors"), hereby object to the Motion for Expedited Appeal ("Motion" Docket #6) filed by Appellants PSI Distribution Incorporated ("PSI") and ProDril Services International Limited (""PSIL"). The grounds for this response are as follows:

### Summary

The Motion does not warrant expedited consideration because the appeal is moot under Section 364(e) of the Bankruptcy Code and should be dismissed. Appellants have filed a Motion to Dismiss Appeal and Tax Costs (Docket #9). No further action should be taken in this matter until the Court rules on the Motion to Dismiss Appeal; otherwise, the Court will be required to waste judicial resources and the parties will have to expend more time and money on a matter that is moot.

**Factual Background**

1. PDTI are Debtors in these jointly administered Chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of Texas, jointly administered under Case No 09-33744. The Debtors continue to operate their business and manage their property as a debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No trustee or Committee has been appointed.

2. In 2004, the predecessor of Debtor PDTI DE acquired certain patents from Appellants PSI and PSIL ("Patents")[1] pursuant to various agreements including an Acquisition Agreement and Royalty Agreement (collectively "Agreements"). These Agreements did not provide PSI, PSIL, or any other party with any security interest, lien, right of reversion, reservation of title or other interest in the Patents or any other property of the Debtors going forward to secure payment of the royalties.

3. On July 14, the bankruptcy court entered an determining that PSI and PSIL did not have any lien or other interests in the Patents and entered and order approving final DIP financing pursuant to 11 U.S.C. §364 ("DIP Order")(Docket #103), free and clear of any interest claimed interest held by PSI or PSIL. Subsequently, the DIP lender advanced the funds to the Debtors required by the DIP Order.

4. On July 23, 2009 PSI and PSIL filed a Notice of Appeal of the DIP Order (Docket #114), thereby initiating this bankruptcy appeal.

5. On July 29, 2009, the bankruptcy court entered a Memorandum Opinion detailing its findings from the hearings on the DIP Motion and Sale Motion (Docket #134).

---

[1] The patents in question consist of U.S. Patent Nos. 6,386,300, 6,581,700, 7,258,176, 7,398,838, 7,398,839 and related pending applications (the "Patents").

6.　　At no time has PSI or PSIL filed a motion for stay of order pending appeal.

7.　　Appellee Debtors PDTI have filed a Motion to Dismiss Appeal and Tax Costs ("Dismissal Motion")(Docket #9) seeking to dismiss this appeal on the basis that it is moot pursuant to 11 U.S.C. §364(e). A copy of the Motion to Dismiss Appeal is attached hereto as Exhibit "A" and incorporated for all purposes.

### Expedited Consideration Should be Denied

8.　　To obtain expedited consideration, the movant must show that the prejudice caused by the expedited consideration is substantially outweighed by the interests of justice and that the emergency is not one of its own creations.

9.　　Here, the alleged emergency is that PSI and PSIL want the appeal process expedited before August 24, 2009, otherwise the appeal is moot. As discussed in the Dismissal Motion, (Docket #9), the appeal is already moot pursuant to 11 U.S.C. §364(e) because (1) no stay of the DIP Order pending appeal was filed, (2) the DIP Order specifically states that the Dip Lender acted in good faith and (3) the DIP Lender has already advanced the requisite funds to Debtors reliance on the order. *See generally Motion to Dismiss Appeal and Tax Costs* (Docket #9).

10.　　Moreover, the emergency cited by Appellees is of their own making – for not seeking a stay of the DIP Order pending this appeal. If Appellees had timely taken this action, the appeal might not be moot on its face. However, since no stay has been ordered, the appeal is moot and expedited consideration is not warranted.

11.　　Granting expedited consideration of the appeal will only waste the Court's precious time and resources and cause the parties to expend unnecessary time and money arguing and defending a matter that is moot.

12. The Court should not grant consideration of the appeal on an expedited basis. The Court should only consider the matters related to the appeal after a ruling on the Dismissal Motion has been entered.

WHEREFORE, PREMISES CONSIDERED, the Appellee Debtors PDTI request that the Court deny Docket #6, and grant such other and further relief to which it may show itself justly entitled.

DATED: August 6, 2009

Respectfully submitted,

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.
    */s/ Edward L. Rothberg*
By:_____
    EDWARD L. ROTHBERG
    State Bar No. 17313990; Fed. I.D. No. 2780
    Attorney in Charge
    Eleven Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: (713) 961-9045
    Facsimile:  (713) 961-5341

OF COUNSEL:

HUGH M. RAY, III
State Bar No. 24004246; Fed. I.D. No. 22090
MELISSA A. HASELDEN
State Bar No. 00794778; Fed. I.D. No. 19704
Eleven Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 961-9045
Facsimile:  (713) 961-5341

ATTORNEYS FOR THE PARTICLE DRILLING TECHNOLOGIES, INC.

### Certificate of Conference

I certify that I conferred in good faith with Michael Greer, counsel for the Appellants, on August 5, 2009, about the objection to the relief sought in the Motion to Expedite Appeal and no agreement could be reached.

_____*/s/ Hugh M. Ray, III*___

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served via electronic mail, and/or U.S. first class mail, postage prepaid, on August 6, 2009, to the following.

Fincher G. Jack Bobo
500 Killebrew Street
P O Box 427
Lyon, MS 38645

Michael D. Greer
P. O. Box 907
Tupelo, MS 38802                        */s/ Edward L. Rothberg*
                                              Edward L. Rothberg